KARL GERBER, SBN 166003
ANN GULESER, SBN 210790
**EMPLOYMENT LAWYERS GROUP**
13418 Ventura Boulevard
Sherman Oaks, CA 91423
Telephone: 818.783.7300
Facsimile: 818.995.7159
*Email:* kgerber@emplaw.net
aguleser@emplaw.net

*Attorneys for Plaintiff*
MATTHEW THOMASSON


MICHAEL S. CHAMBERLIN, SBN 175427
CHRISTOPHER M. HABASHY, SBN 280725
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310.820.8800
Facsimile: 310.820.8859
*Email:* mchamberlin@bakerlaw.com
chabashy@bakerlaw.com

*Attorneys for Defendant*
SENTINEL TRANSPORTATION, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW THOMASSON, an individual<br><br>Plaintiff,<br><br>v.<br><br>SENTINEL TRANSPORTATION, LLC; and DOES 1 through 100 inclusive,<br><br>Defendants. | Case No.: 1:20-CV-01172-NONE-JTL<br><br>*[Hon. Jennifer L. Thurston, Ste. 200]*<br><br>**JOINT STATEMENT OF UNDISPUTED FACTS RELATED TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**<br><br>Date: December 23, 2021<br>Time: 10:00 a.m.<br>Dept.: Suite 200<br><br>*[Filed concurrently with Notice of Motion and Motion for Summary Judgment; Memorandum of Points and Authorities; Separate Statement of* |

*Undisputed Facts; Declarations of Christopher M. Habashy, Jamie Franklin; Compendium of Exhibits; Request for Judicial Notice; Notice of Lodging; and (Proposed) Order]*

Action Filed:       July 20, 2020
Action Removed:  August 20, 2020

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT SENTINEL TRANSPORTATION, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT; CASE NO. 1:20-CV-01172-NONE-JTL

Pursuant to the Court's Standing Order, counsel for Defendant SENTINEL TRANSPORTATION, LLC ("Sentinel" or "Defendant") has met and conferred with counsel for Plaintiff MATTHEW THOMASSON ("Plaintiff") regarding the submission of this Joint Statement of Undisputed Facts (See Declaration of Christopher Habashy ¶¶ 11-15, and the Parties agree that no dispute exists as to the following undisputed facts:

| |
|---|
| 1. In July 2018, Plaintiff was diagnosed with an anxiety disorder.<br>(Plaintiff's Deposition Volume I attached as Ex. A. to the Declaration of Christopher Habashy "Habashy Decl." ¶ 2,  pgs. 60:24-25, 61:6-8.) |
| 2. In July 2018, Plaintiff requested a leave of absence.<br>(Ex. A, pg. 59:3-8, 60:15-17, 67:19-68:2, September 27, 2018 Correspondence attached as Exhibit K to the declaration of Jamie Franklin "Franklin Decl. ¶ 3.) |
| 3. Plaintiff did not disclose to Sentinel that he had been diagnosed with an anxiety disorder.<br>(Ex. A, pg. 65:4-6.) |
| 4. Sentinel granted Plaintiff's request for a leave of absence.<br>(Ex. A, pg. 67:4-6) |
| 5. Plaintiff understood that that the leave of absence did not qualify under CFRA because he had not been working for Sentinel long enough.<br> (Ex. A, Plaintiff's Depo. pg. 70:2-7, July 18, 2018 correspondence attached as Exhibit J to Franklin Decl. ¶ 2. |
| 6. Plaintiff was cleared to return to work on September 25, 2018.<br>(Ex. A, 69:4-9.) |
| 7. Plaintiff does not have any complaints with how Sentinel handled that leave of absence.<br>(Ex. A, 67:10-12.) |
| 8. Plaintiff does not have any complaints about how Sentinel treated him when he came back from the leave of absence. |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

| | |
|---|---|
| | (Ex. A, pg. 67:13-15.) |
| | 9. No one from Sentinel discouraged Plaintiff from taking a leave of absence. |
| | (Ex. A, pg. 70:16-18.) |
| | 10.   No one from Sentinel ever made any negative comments about Plaintiff taking the leave of absence. |
| | (Ex. A, pg. 70:19-21.) |
| | 11.   On April 2, 2020, Plaintiff was concerned that he may have been exposed to COVID 19. |
| | (Ex. A, pg. 72:7-9.) |
| | 12.   Plaintiff tested negative for COVID 19. |
| | (Ex. A, 73: 16-17.) |
| | 13.   After being tested, Plaintiff worked from home. |
| | (Ex. A, 73:18-20, 74:11-12) |
| | 14.   Plaintiff was able to effectively do his job working from home. |
| | (Ex. A, pg. 75:5-7.) |
| | 15.   Plaintiff has no complaints about Sentinel requiring him to work from home after he reported a possible exposure to COVID-19. |
| | (Ex. A, pg. 80:8-11.) |

Respectfully submitted,

Dated:  November 5, 2021        **EMPLOYMENT LAWYERS GROUP**

By:   */s/ Ann Guleser*
        Karl Gerber
        Ann Guleser

*Attorneys for Plaintiff*
MATTHEW THOMASSON

Dated: November 5, 2021           **BAKER & HOSTETLER LLP**


By:  */s/ Christopher M. Habashy*
　　　Michael S. Chamberlin
　　　Christopher M. Habashy

*Attorneys for Defendant*
SENTINEL TRANSPORTATION, LLC

<u>ATTESTATION</u>

I, Christopher M. Habashy, attest that all other signatures listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

　　　　　　　　　　　　　　　　*/s/ Christopher M. Habashy*
　　　　　　　　　　　　　　　　Christopher M. Habashy

4865-0586-5730